DIEGO VICENTE ET AL., Plaintiffs and Appellants, v. AURELIANO GUTIÉRREZ, Defendant and Appellee.

No. 4214.  Argued June 7, 1927.—Decided July 22, 1927.

*Jesús J. Vergne* and *G. Cruzado Silva* for the appellants.  *Miguel Marcos Morales* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Plaintiffs appeal from a judgment of dismissal rendered on motion for nonsuit and say that the court below erred in finding the evidence insufficient to establish title in plaintiffs or to identify the land in controversy.

There seems to be no question as to the claim of relationship as heirs of an alleged common author.  The trial judge specifies as the principal ground for the conclusion reached by him the insufficiency of a certain document to establish title in this common source.

Defendant admits that he derives title from one León Vicente.

The writing above referred to is a formal acknowledgment executed before a notary public on July 26, 1887, by Paula Nuñez Cartagena, of age, a widow, in favor of León Vicente. The notary, in a preliminary recital, certifies to his acquaintance with "the parties" (*los comparecientes*) and at the close of the document, before signature, he states that it was executed in the presence of witnesses known to the notary, naming them, and that it was read aloud in the presence of all, who were in conformity therewith, and, being informed of their right to read it for themselves, waived that privilege. Reference is also made in the body of the instrument to the presence of León Vicente as a party (*el compareciente Don León Vicente*). The mere fact that León Vicente did not sign the writing does not vitiate his acceptance of the recitals contained therein as true and correct.

The statement thus made by Mrs. Nuñez is to the effect that her husband Lorenzo Rodríguez before his death, being indebted to Petrona López, in the sum of one hundred and fifty *pesos* evidenced by promissory notes, gave her in payment one and one-half *cuerdas* of land in the ward of Matón Abajo (describing it), and in like manner her said husband some two years before his death delivered to the said Petrona López nine *cuerdas* of land, more or less, in the same ward and in that of Toíta (describing it); that the said Petrona López continued in the possession of the said land until she died, whereupon it passed into the hands of her son León Vicente who thereafter continued in the possession of same as the owner thereof (*a título de dueño*); that upon this hypothesis and at the instance of the said León the acknowledgement in question was made to the end that the truth as to these matters might appear at all times and that the said

León might make such use of the statement as he should deem fit.

We can not agree with counsel for appellee that this paper discloses an adverse possession by Vicente in 1887. It does show that he was in possession at that time, as the son and heir of his deceased mother, and claiming under such color of title adversely to Mrs. Nuñez. But it does not follow that such possession and claim of ownership was adverse to the co-heirs and co-owners, conceding for the sake of argument, without holding, that such possession could in any event ripen into ownership. The acknowledgment of Mrs. Nuñez of a previous transfer by her husband was to all practical intents and purposes a quitclaim deed, sought and accepted by Vicente as a waiver and renouncement of any right, title or interest in the land which had passed from Petrona López at her death to her children, including the said Vicente. The recitals with reference to the two previous transfers by the husband during his lifetime were plainly admissions against interest so far as the widow was concerned and, therefore, within this well known exception to the hearsay rule.

The answer admits that defendant is in possession of six *cuerdas,* a part of the nine *cuerdas* described in the complaint.

Our chief difficulty is not so much with the merits as with the condition of the record arising out of the manner in which the case was presented below. We do not deem it necessary to go into details, and mention this aspect of the matter merely by way of indicating that we have not overlooked the technical grounds upon which the judgment might have been affirmed without going into the merits.

There was ample testimony to the effect that Petrona López was in possession of the property described in the complaint at and for some time before the time of her death, that thereupon it passed into the possession of one of the children named Irene and later into the hands of León

Vicente who remained in possession thereof until he died, and that defendant, who seems to have married a daughter of León Vicente, is now in possession of the same property. This testimony also tends to show that the possession of Petrona López was in the capacity of owner although apparently from a lamentable lack of familiarity with the rules of evidence the showing in this regard leaves much to be desired. All things considered, however, we are unable to say that it was not enough, independently of the recitals contained in the ancient document first above mentioned, to make out a prima facie case. *Heirs of Arraras* v. *Figueroa et al.*, 31 P.R.R. 630.

The judgment appealed from must be reversed.